WILLIAM NEILSON v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK AND THE INHABITANTS OF THE TOWNSHIP OF BELLEVILLE.

1. The act dividing the township of Woodside between the city of Newark and the township of Belleville, and directing the debts owing by the first township should be paid, in certain proportions, by the last two corporate bodies, imposed a duty on such bodies to pay such debts, and which is enforceable against them by creditors.

2. An action against the city of Newark and the township of Belleville, by a creditor, founded on such statutory duty, sustained. The declaration in this case held defective.

---

On demurrer to declaration.

Argued at November Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

Neilson v. Newark.

For plaintiffs, *Vredenburgh & Garretson.*

For defendants, *Joseph Coult.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is brought by the assignee of certain bonds given by the township of Woodside, to enforce the payment of the moneys due thereon.

The declaration alleges that after the making of these instruments the township of Woodside was, by force of the act approved April 5th, 1871, divided between the city of Newark and the township of Belleville, and it is upon this law that this action against these corporations is based. This statute does not, in express terms, give a right of action against these defendants to the creditors of the township of Woodside, but in section 5 it is enacted as follows, viz.: "That [certain named persons] are hereby appointed commissioners to allot and divide and set over to the city of Newark and to the township of Belleville, all properties belonging, and moneys on hand, due or to become due, to the said township of Woodside, in proportion to the taxable property and ratables as taxed by the assessor of the said township of Woodside, within the limits of the portion of the said township hereby annexed to the said city of Newark, and the portion hereby annexed to the said township of Belleville, at the last assessment, *and to ascertain the just proportion of debts, if any there should be, now owing by the said township, to be paid by the city of Newark and the township of Belleville, according to the same proportion.*"

It will be observed, therefore, that the general effect of this clause of the statute was to give to these defendants respectively, in a prescribed ratio, the property of the extinguished township, and to require them to pay its debts by contributions in the same ratio.

It is insisted, under this demurrer, that the defendants are not liable to this or any similar action.

But it is manifest that if this contention should prevail, the

plaintiff is remediless in the premises. We cannot sue the late township of Woodside, for that corporation has been abolished; and even if the court should say that abolition is inefficacious so far forth as the plaintiff and other similar creditors are concerned, on the ground that it is not within legislative competence by reason both of the constitution of this state and of that of the United States, nevertheless it is not perceived how such a decision would avail, as there are no officers of the defunct municipality upon whom a summons could be served. As the abrogated township could not be brought into court, no judgment could be obtained against it. The judicial power would be impotent for the purpose of re-investing it with the organization essential to the *status* of a party to a litigation. If the corporate body could be regarded, in a legal point of view, as being still in existence, so far as to persons who were creditors at the time of the passage of this law were concerned, it would still be a corporate body without official representation, and there would seem to be no legal means by which such organic mutilation could be remedied. It is plain that if a judgment could be rendered against this township of Woodside, this court could, and doubtless would, compel, by the means of a *mandamus*, these defendants each to pay its proper quota, gauged by the statutory measure, of this claim; but, as has been shown, the initial proceeding requisite to a judgment seems to be impracticable.

. My conclusion is that the defendants are liable to this action, for we cannot conclude that it was the design of the legislature to invade the constitutional right of this plaintiff, and leave him without the means of enforcing the claim embraced in this suit. It is plain that it was the purpose of the law-makers that these defendants should pay this debt; they have said so in express terms, and by such declaration they imposed on the defendants the duty of making such payment, and the duty so exacted is one they owe to the plaintiff and not to the state. Nor will any practical inconvenience ensue from the adoption of this principle, for if the plaintiff should

succeed in getting a judgment, it could be enforced only by *mandamus,* whereby each defendant might be ordered to pay that portion of the money that the statute has put upon it.

The defendants are the parties liable to this action.

The demurrer, however, must be sustained on account of the manifest imperfections of the declaration, and which are so clear that they need not be discussed.